**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

_____

| | |
|---|---|
| In re: ) | |
| ) | |
| MARVIN EARL WHITSETT, ) | Case No. 15-50297-FJS |
| ) | |
| *Debtor.* ) | |
| _____) | Chapter 13 |

**ORDER TO SHOW CAUSE AGAINST JONATHAN L. STONE, ESQUIRE**

On April 24, 2015, Sterling Church Street Furniture Store, Inc., trading as Grand Furniture Discount Stores ("Grand Furniture"), by its counsel, Jonathan L. Stone, Esquire, filed an Objection to Confirmation of the above-captioned Debtor's original Chapter 13 plan. On April 29, 2015, Mr. Stone advised the Court that the Objection to Confirmation was settled and could be removed from the Court's May 8, 2015 docket. On or about May 27, 2015, Mr. Stone submitted an order to the Court memorializing the resolution reached by the parties regarding the Objection to Confirmation. The order contained the endorsements of Mr. Stone; R. Clinton Stackhouse, Jr., the Chapter 13 Trustee in this case; and Peter F. Zooberg, Esquire, on behalf of the debtor. Mr. Zooberg's privilege to practice before this Court was suspended effective April 1, 2015, through May 30, 2015, pursuant to an order entered by this Court on March 18, 2015. Accordingly, on May 29, 2015, the Court directed that a hearing be set on entry of the order submitted by Mr. Stone due to the appearance of Mr. Zooberg's endorsement on the order.

On June 2, 2015, Mr. Stone filed a pleading entitled, "Motion to Approve Entry of Order." In the motion, Mr. Stone represented that counsel for the debtor, the Chapter 13 Trustee, and Grand Furniture have consented to entry of an order resolving the subject Objection to Confirmation. Finally, Mr. Stone "acknowledge[d] in [the] original electronic submission to the [C]ourt he failed to amend the Consent Order to reflect that Phillip [*sic*] R. Boardman, Esq. agreed to and endorsed the order and not original counsel of record Peter F. Zooberg, Esq. This mistake was inadvertent and unfortunate." Mr. Stone attached two exhibits to the motion. The first exhibit is a copy of the order he desired the Court to enter; the order contained the endorsements of Messrs. Stone and Stackhouse; and Philip Boardman, Esquire, on behalf of the debtor. The second exhibit consists of correspondence documenting the authorizations Mr. Stone received from Messrs. Stackhouse and Boardman to affix their signatures to

the order.

At the hearing held on June 5, 2015, on entry of the order settling the Objection to Confirmation, Messrs. Stone and Boardman appeared. Mr. Stone reiterated the contents of his pleading. The Court advised Mr. Stone that the corrected order, containing Mr. Boardman's endorsement on behalf of the debtor, would be entered. The Court further advised Mr. Stone that the instant Order to Show Cause would be issued.

Judge Phillips of this Court has discussed the significance of signatures, set forth as a "/s/" followed by the typewritten name, on electronically submitted documents.

> Under LBR 5005-2 and the Case Management/Electronic Case Files Policy Statement established by the Clerk of Court . . . (the "Policy Statement"), a registered participant, or "User," . . . must file all documents with the Clerk in accordance with the provisions contained in the Policy Statement. . . .
>
> In electronically filed cases, the "/s/" followed by a full typewritten name on a document constitutes that person's signature.  *See* Policy Statement, Policy 8; *In re Wenk*, 296 B.R. 719, 724 (Bankr. E.D. Va. 2002). When an attorney files a document purportedly containing the debtor's signature, he is representing to the court that he has secured the original executed document prior to it being electronically filed. *Id*. at 725. The electronic submission of a document by an attorney who falsely represents that the document has been signed by the debtor "is no different than [the attorney] physically forging the debtor's signature and handing [it] over the counter to the clerk." *Id*. The Policy Statement includes a means by which the authenticity of a document may be verified by requiring that documents which require original signatures and that are electronically filed must be maintained by the User until 3 years after the closing of the case, and upon request of the Court, the User shall provide such originally executed document or imaged record for review. Policy Statement, Policy 7(A).

*In re Smith*, Case No. 13-31565-KLP, 2014 WL 128385, at *4 (Bankr. E.D. Va. Jan. 14, 2014) (slip copy). While *In re Smith* concerned the falsification of the debtor's signature, the rules and policies enumerated by Judge Phillips nonetheless apply to the instant circumstance. In addition, Local Bankruptcy Rule 9022-1(C)(1) provides the following with regard to endorsement of orders submitted to the Court:

(C) ***Endorsement***: With all proposed orders, the proponent shall file []:

> (1) ***Certification of Endorsement by All Parties***: A certification that the proposed order or proposed consent order has been endorsed by all necessary parties . . . .

Finally, Policy 4 of the Case Management/Electronic Case Files Policy Statement ("Policy Statement"),

entitled "Entry of Court-Issued Documents," directs users of the Electronic Case Files System ("ECF") to submit orders "in accordance with the order processing procedure set forth in the Bankruptcy Orders Processing Solution (BOPS) materials," which is located on the Court's website. The BOPS Attorney Users' Guide advises attorneys:

> Signatures are required of parties and/or attorneys, and are denoted by a "/s/ [Party/Attorney Name]" on the signature line. NOTE: If you are indicating the signature of another attorney or party, see the appropriate template order for the proper format. You must keep an original order with original signatures of parties and/or attorneys on file for three years after the bankruptcy case has been closed. This is a requirement set out in the ECF Standing Order.

The Court must preserve the integrity of the bankruptcy system and ensure that endorsements contained on orders are true, authentic, and represent the signatory's actual consent to the terms and conditions contained in the order. The above circumstances indicate, at a minimum, Mr. Stone's misunderstanding of the Court's rules regarding securing permission to affix another's endorsement to an order prior to submitting that order to the Court. As a result, the Court finds that Mr. Stone should appear and show cause why he should not be held in contempt for his failure to comply with the Court's rules and policies; why sanctions should not be assessed against him; and why he should not be suspended or permanently barred from practicing before this Court.

Accordingly, the Court ORDERS **Jonathan L. Stone, Esquire**, to personally appear on **Friday, July 17, 2015, at 9:30 a.m**. at the United States Bankruptcy Court, 2400 West Avenue, Newport News, Virginia, and show cause why he should not be held in contempt and why sanctions should not be assessed against him for his failure to comply with the Court's rules and policies regarding properly affixing the correct endorsement to the order submitted to the Court resolving the Objection to Confirmation filed by Mr. Stone on behalf of Grand Furniture; and why he should not be suspended or permanently barred from practicing before this Court.

The Clerk shall deliver copies of this Order to Jonathan L. Stone, Esquire; Peter F. Zooberg and Philip R. Boardman, counsel for the debtor; R. Clinton Stackhouse, Jr., Chapter 13 Trustee; and Kenneth N. Whitehurst, III, Assistant United States Trustee.

IT IS SO ORDERED.

Jun 9 2015

/s/ Stephen C. St.John

FRANK J. SANTORO
United States Bankruptcy Judge

Entered on Docket: 6/9/15